**The below described is SIGNED.**

**Dated: July 30, 2010**

_____
**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Ben M. Petersen and<br>Karen L. Petersen<br><br>                Debtors. | Bankruptcy Number: 09-21587<br><br>Chapter 7 |
| America First Federal Credit Union,<br>a Utah Corporation<br>                Plaintiff,<br><br>vs<br><br>Ben M. Petersen and<br>Karen L. Petersen,<br><br>                Defendants. | Adversary Proceeding No. 09-02204<br><br>Judge R. Kimball Mosier |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The trial in this adversary proceeding came before the Court on the 27th day of July, 2010. The Plaintiff, America First Federal Credit Union, a Utah Corporation ("Plaintiff") was represented by Timothy W. Blackburn of Van Cott, Bagley, Cornwall & McCarthy. Defendants, Ben M. Petersen and Karen L. Petersen ("Defendants") appeared *pro se*.

At trial, Plaintiff presented its case in chief and introduced testimony of its witnesses and presented documents into evidence. At the conclusion of its evidence, Plaintiff rested its case. Defendants moved the Court to dismiss, and in response the Court issues the following findings and conclusions.

## Jurisdiction

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

## Findings of Fact

1. Defendants entered into a contract with Lead Streams Marketing "(Lead Streams") on October 8, 2008 and paid Lead Streams $14,995.00 using their VISA debit card.

2. On or around January 19, 2009, more than three months after the charge with Lead Streams was incurred, Defendants contacted Plaintiff advising Plaintiff that Defendants disputed the charge by Lead Streams because Defendants did not receive the services for which they contracted.

3. Plaintiff reimbursed the Defendant's account $14,995.00 on January 27, 2009.

4. Plaintiff notified Defendants on January 27, 2009, that Plaintiff had received the Defendants' disputed claim and that it is possible that the Merchant's Financial Institution may feel your dispute is not valid.

5. The individual employed by Plaintiff who made the decision to reimburse Defendants' account based upon Defendants' letter disputing the charge did not testify regrading what reliance, if any, Plaintiff placed upon Defendants' letter disputing the charge.

6. If, as the evidence suggests, the Plaintiff reimburses every account as a company policy upon the receipt and processing of a letter disputing a charge, then there was no reliance, Plaintiff simply followed its policy.

7. Lead Streams responded to the charge back with a response on February 12, 2009.

8. As a result of Lead Stream's objection, Plaintiff reversed the charge back with respect to Lead Streams.

9. Plaintiff notified Defendants that the disputed transaction would be placed back onto Defendants' account on March 2, 2010.

10. Defendants filed bankruptcy on February 26, 2009.

11. Defendant, Ben Petersen, testified that Lead Stream did not provide the services promised by Lead Stream under the terms of the contract.

12. Defendant, Ben Petersen, testified that he disputed the charge of Lead Stream, but that he never intended to harm Plaintiff.

13. Defendant, Ben Petersen, testified that it was his intent and belief that by disputing the transaction with Lead Stream, that the charge back would result in a charge back against Lead Stream and a resulting loss to Lead Stream and not Plaintiff.

## Conclusions of Law

1. This is an adversary proceeding to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2). To prevail in an adversary proceeding seeking to except a debt from a debtor's discharge, the plaintiff must carry the burden of proof by a preponderance of the evidence. Grogen v. Gardner, 498 U.S. 279, 286 (1991).

3

2. A party seeking exception from discharge based upon a fraudulent representation within the meaning of §523(a)(2)(A) must demonstrate justifiable reliance on a representation or representations made by the debtor. Field v. Mans, 516 U.S. 59, 73-74 (1995).

3. In determining whether a creditor's reliance was justifiable, a court should examine the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than applying a community standard of conduct to all cases. Even under the "justifiable reliance" test, the plaintiff must use his senses and at least make a cursory examination or investigation of the facts of the transaction before entering into it. Johnson v. Riebesell, 586 F.3d 782, 792 (10th Cir. 2009).

4. Plaintiff failed to carry its burden to show that Plaintiff justifiably relied upon Defendants' representations.

5. To satisfy the criteria for nondischargeability under § 523(a)(2), the false representation made by the debtor must have been made with the intent to deceive. Johnson v. Riebesell, 586 F.3d 782, 791 (10th Cir. 2009).

6. Plaintiff failed to carry its burden to show that Defendants intended to deceive Plaintiff.

7. Because Plaintiff failed to carry its burden with respect to two required elements of its case under 11 U.S.C. § 523(a)(2)(A), Plaintiff's complaint should be dismissed with prejudice.

---------------------------------------------END OF DOCUMENT-----------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Findings of Fact and Conclusions of Law** will be effected through the Bankruptcy Noticing Center to the following parties.

Timothy W. Blackburn
William A. Street
Van Cott, Bagley, Cornwall & McCarthy
372 24th Street, Suite 400
Ogden, UT 84401

Ben M. Petersen
Karen K. Petersen
982 Rambouillet Drive
South Jordan, UT 84095